**JIN DI LU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3453–ag.

United States Court of Appeals,
Second Circuit.

Jan. 22, 2007.

Michael Brown, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Michael B. Billingsley, Assistant United

States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. WALKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Di Lu, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006 order of the BIA affirming the March 16, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Di Lu,* No. A 97 162 730 (B.I.A. June 30, 2006), *aff'g* No. A 97 162 730 (Immig. Ct. N.Y. City Mar. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed.

*Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, we defer to the IJ's finding that Lu's evasive and nervous demeanor during his removal proceedings, which the IJ was best-positioned to assess, supported her adverse credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). It was also reasonable for the IJ to find it implausible that Lu would go to a government hospital if he were hiding from the government and to reject his explanation for doing so. *See Xiao Ji Chen,* 471 F.3d 315, at 336 n. 16 (2d Cir. 2006) (upholding a finding of implausibility that a petitioner would continue going to work while hiding from government officials). The record also supports the inconsistency between Lu's testimony that he hid with his wife for only two days before moving elsewhere and Lu's prior testimony, asylum application, and corroborative affidavits, which omitted this fact and indicated that Lu stayed with his wife until they were both discovered by officials. *Cf. Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006) (finding that a non-dramatic inconsistency is supported by the record only where the petitioner has been afforded an opportunity to explain the inconsistency). Lu offered no explanation for the inconsistency, and, contrary to his argument, it was neither minor nor immaterial. *See Xiao Ji Chen,* 471 F.3d at 338 n. 18. Nor was Lu able to offer an explanation for the inconsistency between his uncle's

affidavit and his testimony regarding whether he disclosed his wife's whereabouts to family planning officials. Thus, the IJ permissibly relied on this discrepancy to support her adverse credibility determination. *See id.* These discrepancies in the record constitute substantial evidence in support of the IJ's adverse credibility determination. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Accordingly, we affirm the agency's denial of relief because, despite errors in the agency's analysis, we can confidently predict that the agency would reach the same result on remand. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).